IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| V&A ENTERPRISES LIMITED, a limited liability company of the United Kingdom | § § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| VAD LLC, a limited liability company of Texas | § § | |
| Defendant. | | |

## ORIGINAL COMPLAINT

Plaintiff, V&A Enterprises Limited (hereinafter "V&A Enterprises" or "Plaintiff"), states the following for its Complaint against Defendant VAD LLC (hereinafter "VAD" or "Defendant").

## NATURE OF ACTION

This is an action at law and in equity for trademark infringement and counterfeiting, dilution, unfair competition, unfair business practices, and false designation of origin and false and/or misleading and misrepresentation of fact under the Trademark Act of 1946,  as amended ("Lanham Act"), 15 U.S.C. §§ 1051 et seq., Texas common law, and the Texas Business & Commerce Code based on Defendant's infringement of Plaintiff's registered V&A trademark and logo **V&A** for jewelry and related goods and services (hereinafter " **V&A** brand"). Among other relief, V&A asks this Court to: (a) permanently enjoin VAD from distributing, marketing, or selling jewelry bearing confusingly similar and dilutive imitations of Plaintiff's **V&A** brand; (b) dismiss with prejudice Trademark Trial and Appeal Board Cancellation No. 92085450 filed

by Defendant against V&A's Registration No. 3,297,237 of the **V&A** brand; (c) award V&A

monetary damages and to treble that award; (d) require VAD to disgorge all profits from its sales

of jewelry advertised and sold under the confusingly similar and dilutive imitation of Plaintiff's

famous **V&A** brand; and (e) award Plaintiff punitive damages, attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the federal trademark infringement,

counterfeiting, unfair competition and dilution claims pursuant to 28 U.S.C. § 1331 (federal

question); 28 U.S.C. § 1338(a) (trademark and unfair competition cases); and 28 U.S.C. § 1332

(diversity of citizenship).

2.      The Court has general personal jurisdiction over VAD because, on information

and belief: (a) VAD's principal place of business is in Houston, Texas; and (b) VAD regularly

transacts and conducts business within the State of Texas, including in this District.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because, on

information and belief, VAD resides in this judicial District and/or venue is proper in this

District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to

Plaintiff's claims occurred here.

## THE PARTIES

4.      Plaintiff V&A Enterprises Limited is a limited liability company organized under

the laws of the United Kingdom, with its principal business address at Cromwell Road, Victoria

and Albert Museum, London, United Kingdom SW7 2RL. V&A Enterprises is a wholly owned

trading subsidiary of the Board of Trustees of the Victoria and Albert Museum (hereinafter "the

V&A Board"). The V&A Board owns and operates museums including the world-renowned

Victoria and Albert Museum in London, England (hereinafter "V&A Museum" or "Museum") that is universally known as "the V&A".

5.     Upon information and belief, Defendant VAD LLC is a limited liability company organized under the laws of Texas, with a principal business address at 6120 Tarnef Dr., Houston, Texas 77074.  Upon information and belief, Defendant engages and/or has engaged in business in Texas, and maintains a regular place of business in Texas.

## FACTS RELEVANT TO ALL COUNTS

6.     V&A Enterprises is engaged in the sourcing, design, production and sale of merchandise related to the historical, design, and artistic collections of the V&A Museum, including jewelry.

7.     V&A Enterprises also grants licenses for commercial goods inspired by the collections of the Museum and sold under the **V&A** brand, including jewelry.

8.     Since its inception in the early 1850's, the V&A Museum has collected outstanding examples of human ingenuity in art, design, and performance from around the world. The Museum currently houses state of the art galleries with collections that span 5,000 years of human creativity in virtually every medium. The jewelry galleries at the Museum display 3,089 objects, 2,906 of which belong to the V&A Board. The entire jewellery collection of the V&A Board, which includes objects on display at the Museum and in storage, contains 7,023 objects.

9.     V&A Museum's jewelry collection is the one of the most comprehensive collections of jewelry in the world, and includes works from ancient Egyptian times to present day.

10.     The Museum owns jewelry pieces by renowned jewelers Cartier, Peter Carl Faberge, Jean Schlumberger, and many others. Other items in the jewelry collection include bracelet clasps once owned by Marie Antoinette, diamond dress ornaments made for Catherine the Great, the Beauharnais emerald necklace Napoleon gave his adopted daughter in 1806, and the sapphire and diamond coronet that Prince Albert designed and gave to Queen Victoria in 1840. From more recent history, the collection also includes the 'papillon' ring designed in 2014 by London-based master jeweler G (Glenn Spiro) for Beyoncé Knowles-Carter, which the artist subsequently donated to the Museum.

11.     The V&A Museum often hosts world-renowned jewelry exhibitions. From November 21, 2015 to April 10, 2016 the V&A Museum hosted the "Bejewelled Treasures: The Al Thani Collection" Exhibition. That Exhibition showcased over one hundred exceptional jewels, jeweled artifacts and jades from the Al Thani Collection. That Exhibition was seen by over 90,000 visitors.

12.     From November 20, 2021 to May 8, 2022  the V&A Museum hosted the "Fabergé in London: Romance to Revolution" Exhibition. That Exhibition showcased over 200 objects across three main sections, the exhibition tells the story of Carl Fabergé and his internationally recognized firm that symbolized world class craftsmanship and elegance – an association further strengthened by its connection to the romance, glamour and tragedy of the Russian Imperial family. That Exhibition was seen by over 80,000 visitors.

13.     In April 2025 the V&A Museum will host its "Cartier" Exhibition featuring more than 350 objects, including precious jewels, historic gemstones, iconic watches and clocks, that chart the evolution of Cartier's legacy of art, design and craftsmanship since the turn of the 20th century.

14.     Each year, V&A Museum welcomes millions of guests from all over the globe, including the United States. In 2023 the Museum welcomed over three million visitors and was ranked by The Art Newspaper as the 11th most visited museum in the world. In the year from April 2023 to April 2024 visitors from the United States made up 10% of the Museum's total audience (24% of all non-UK visitors), which represents over three hundred thousand visits from United States visitors.

15.     Visitors can shop in the Museum stores and the stores of the other museums operated by the V&A Board for unique items, including jewelry, or shop online for a myriad of goods at V&A Enterprises' online store at   https://www.vam.ac.uk/shop ("the Online Store") which can be, and are in fact shipped to the United States.

16.     V&A Enterprises' total annual global retail gross turnover for jewelry, averaged over the three years 2021 to 2022, 2022 to 2023 and 2023 to 2024, is $11,539,103. This includes jewelry sold through retail premises on sites owned and operated by the V&A Board, through the Online Store and through V&A Enterprises' licensees. A full breakdown of the global retail gross turnover for jewelry is as follows:

|  | V&A Shop | V&A Shop | V&A Licensees | Total |
|---|---|---|---|---|
|  | Retail | Online |  |  |
| 21/22 | $        83,4641 | $      42,1640 | $     10,005,514 | $       11,261,795 |
| 22/23 | $     1,903,839 | $    345,961 | $     10,722,107 | $       12,971,907 |
| 23/24 | $     2,361,857 | $    327,202 | $       7,694,550 | $       10,383,608 |
|  |  |  |  |  |
| Retail turnover |  |  |  |  |
| $ |  |  | Average | $      11,539,103 |

17.     In the year from November 14, 2022 to November 14, 2023, $183,572 (8% of the total revenue from the Online Store) was generated from sales from the Online Store to users in the United States. Furthermore, during that same period 9,710 users from the United States visited the jewelry pages of the Online Store, representing 6-7% of all visitors to those pages making the United States V&A Enterprises' second biggest market for online jewelry sales (after the UK).

18.     Visitors from all over the world can buy **V&A** brand jewelry online at https://www.vam.ac.uk/shop/jewellery, or at any Museum shop in the United Kingdom.



19.     The **V&A** brand is prominently displayed on the online retail store page for the Museum, and is affixed to product packaging for jewelry, as shown below.



20.     V&A Enterprises has expended significant time, money, and effort to establish public recognition of its  brand as an indication of source for a wide range of high quality services and goods, including jewelry. The V&A logo was conceived in the 1980's by Alan Fletcher of the renowned designer, Pentagram. The logo brings the three letters of the Museum's name, together as a unified symbol, achieved by Fletcher's decision to remove half of the letter 'A' and then use the ampersand to reinstate the missing crossbar. The resulting mark is distinctive but elegant. The V&A logo is often cited as one the United Kingdom's most well-known and iconic logos.

21.     The V&A sells its exhibitions into museums worldwide and has done so since at least the 1990's. Whenever a V&A exhibition is shown in a museum outside of the UK the V&A

brand features extensively in the signage and marketing for those exhibitions. An example of the marketing for a current V&A exhibition in San Francisco is shown below. Since 1997, V&A exhibitions have toured to dozens of venues in the United States and visitor data provided by those United States venues shows that over 3,600,000 visitors attended those exhibitions and were exposed to the **V&A** brand within the United States.



22.     V&A Enterprises owns registrations for the V&A word mark and **V&A** brand throughout the world and in the United States. V&A Enterprises is the owner of the following federal trademark registrations issued by the U.S. Patent and Trademark Office (hereafter "V&A Trademarks") for a wide-variety of goods and services, including *inter alia*:

| Mark & Registration No. | Registration Date | Jewelry Related Goods/Services | Owner Information |
|---|---|---|---|
| V & A (Stylized) | September 25, 2007 | Jewelry, namely, earrings, pendants, lockets, bracelets, necklaces, rings being jewelry, brooches, cufflinks, tie pins, clocks, watches, and ornaments of precious metal | V&A Enterprises Limited (United Kingdom Limited Liability Company) Cromwell Road, Victoria & Albert |

| Mark & Registration No. | Registration Date | Jewelry Related Goods/Services | Owner Information |
|---|---|---|---|
| **V&A**<br><br>RN: 3297237<br>SN: 78594383 | | | Museum, LONDON SW7 2RL United Kingdom |
| <u>V&A</u><br>RN: 3750275<br>SN: 77316581 | February 16, 2010 | Jewelry, namely, earrings, pendants, lockets, bracelets, necklaces, rings being jewelry, brooches, cufflinks, tie pins, clocks, watches, and ornaments of precious metal | V & A Enterprises Limited (United Kingdom Limited Liability Company) Cromwell Road Victoria & Albert Museum, LONDON SW72RL United Kingdom |

Copies of printouts from the USPTO's TSDR database for the V&A Trademarks are attached as Exhibits A and B.

23.     V&A Enterprises has been using the **V&A** brand for jewelry in the United States since at least as early as June 2008. V&A's extensive, long-term, and continuous use of the V&A Trademarks around the world and in the United States has resulted in great notoriety for the **V&A** brand. The V&A Trademarks form the foundation for the majority of V&A Enterprises' branding, including for its jewelry.

24.     V&A Enterprises has the exclusive right to use the V&A Trademarks in connection with any importation, sale, offer to sell, or distribution of jewelry and related goods or services in the United States.

25.     As a result of V&A Enterprises' continuous and extensive use, sales, advertising and promotions, the V&A Trademarks have become extremely valuable and tremendously important assets belonging exclusively to V&A Enterprises, symbolizing Plaintiff's highly regarded services and goods, and the goodwill appurtenant thereto. The V&A Trademarks are well-known, highly distinctive and famous, and became famous long before Defendant VAD commenced the actions complained of in this Complaint.

**DEFENDANT'S UNLAWFUL ACTS**

26.     V&A Enterprises is informed and believes that before Defendant commenced the conduct complained of below, Defendant was aware of the existence and fame of the **V&A** brand and the V&A Trademarks, of the goodwill represented and symbolized in the **V&A** brand and V&A Trademarks, and of the public recognition and reliance upon the **V&A** brand  and V&A Trademarks to identify the authentic products of Plaintiff and distinguish Plaintiff's goods and services from those of others.

27.     In what appears to be an obvious attempt to capitalize on the renown of  the **V&A** brand and the V&A Trademarks, Defendant advertises, promotes, distributes, imports, sells and/or offers for sale jewelry under the mark V&A in the form shown below (VAD's V&A Logo):



28.     Defendant uses the VAD V&A Logo (both in black and grey as shown above, in all black, and in all solid colors as shown below) on numerous platforms, including the following:

10

(a) VAD's website at https://vandaluxury.com/.



(b) VAD's Facebook page at https://www.facebook.com/people/VA-Luxury/100089673651246/.



(c) VAD's Instagram page at https://www.instagram.com/vandaluxury/.



(d) VAD's LinkedIn page at https://www.linkedin.com/company/vandaluxury/.



29.     Defendant's V&A Logo, as shown below, is an indistinguishable copy of

Plaintiff's  brand and V&A Trademarks, and used for the exact goods – jewelry.

**V&A's Trademark/Logo:**       **VAD'S V&A Logo:**

                

30.     V&A Enterprises is informed and believes that VAD advertised, promoted, distributed, imported, sold and/or offered for sale jewelry under the VAD V&A Logo, and has obtained substantial profits thereby. Such advertisement, distribution, sales and profits are ongoing as of the date of this Complaint.

31.     On March 20, 2023, VAD filed an application with the U.S. Patent and Trademark Office, seeking registration of the VAD V&A Logo for "diamonds; jewelry; custom jewelry; diamond jewelry; gold jewelry; jewelry boxes," in International Class 14. This application was filed under Serial No. 97/846,886 based on alleged use of the VAD V&A Logo in U.S. commerce as of March 14, 2023, the date of first use asserted in the application.

32.     On December 14, 2023, the U.S. Patent and Trademark Office refused registration of VAD's V&A Logo based on a likelihood of confusion with Plaintiff's prior trademark Registration No. 3297237 of the **V&A** brand. In support of the refusal, the Examining Attorney at the U.S. Trademark Office stated: "applicant's mark is V&A in stylized form and registrant's mark is V&A in the same stylized form or font. These marks are identical in appearance, sound, and meaning and have the potential to be used…in exactly the same manner." A copy of the December 14, 2023 Office Action issued by the U.S. Patent and Trademark Office is attached as Exhibit C.

33.     On June 13, 2024, VAD filed a meritless Petition for Cancellation with the Trademark Trial and Appeal Board, seeking cancellation of V&A's prior Registration No. 3297237 of the **V&A** brand. The Trademark Trial and Appeal Board instituted the cancellation proceeding under Cancellation No. 92085450. A copy of VAD's Petition for Cancellation is attached as Exhibit D.

34.     V&A Enterprises filed its Answer to the Petition for Cancellation on July 24, 2024 and asserted affirmative defenses. A copy of V&A Enterprises' Answer to the Petition for Cancellation is attached as Exhibit E.

35.     By using the same logo, VAD intends to trade off the strong consumer goodwill in the **V&A** brand  and V&A Enterprises' Trademarks.

36.     There is no association or affiliation of any kind between V&A Enterprises and/or V&A Museum and VAD, and Defendant is using an identical copy of the **V&A** brand without V&A Enterprises' permission or consent. V&A Enterprises has no control over the manner of VAD' use of the **V&A** brand, or the nature or quality of any jewelry promoted, advertised, distributed, imported, sold and/or offered for sale by VAD under the copied logo.

37.     VAD's actions have caused, or are likely to cause, great and irreparable injury to V&A Enterprises, including irreparable injury to its goodwill and reputation, for which V&A Enterprises has no adequate remedy at law.

38.     Defendant's use of the **V&A** brand in connection with online and in-person sales of jewelry has the potential to diminish adult consumer opinion of the world-renowned V&A Trademarks by associating them with potentially inferior products and services.

39.     Upon information and belief, VAD will continue to commit the acts complained of herein unless enjoined.

40.     Upon information and belief, VAD's acts were deliberate and intentionally carried out in bad faith, or with reckless disregard for or with willful blindness to V&A

Enterprises' rights in the V&A Trademarks, for the purpose of trading on V&A's reputation and diluting the V&A Trademarks.

41.    VAD owns registrations with the U.S. Patent and Trademark Office for  a stylized AV mark (Registration No. 6678083) and a logo mark consisting of the letters/words AV DIAMONDS THE ULTIMATE BRIDAL SOURCE (Registration No. 6678089), both of which are reproduced below. Both registrations cover "jewelry." Copies of printouts from the USPTO's TSDR database for these trademarks are attached are attached as Exhibits F and G.



42.    Upon information and belief, Defendant did not use the VAD V&A Logo prior to March 14, 2023, the date of first use asserted in Defendant's Application Serial No. 97/846,886 . Prior to this date, VAD used the above-identified AV marks, and others, for jewelry.

## FIRST CAUSE OF ACTION

**Trademark Infringement, Unfair Competition, and Counterfeiting Under the Lanham Act**

43.    V&A Enterprises realleges each allegation and fact set forth in paragraphs 1-42 above.

44.    VAD's use of a spurious mark which is identical with and substantially indistinguishable from Plaintiff's registered **V&A** brand  and V&A Trademarks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the jewelry sold by VAD is manufactured or distributed by V&A Enterprises, or is associated or connected with V&A, or has the sponsorship, endorsement, or approval of V&A Enterprises when, in fact, it does not.

45.     VAD's use of a spurious mark which is identical with and substantially indistinguishable from Plaintiff's registered **V&A** brand and V&A Trademarks is in violation of 15 U.S.C. §§ 1114, 1125(a) and 1127. VAD's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to V&A's goodwill and reputation as symbolized by the V&A Trademarks, for which V&A Enterprises has no adequate remedy at law.

46.     VAD has unfairly profited from its acts of trademark infringement and counterfeiting.

47.     VAD's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's V&A Trademarks to V&A Enterprises' great and irreparable harm.

48.     By reason of its acts as aforesaid, Defendant has also engaged in false designation of origin, and false or misleading description and/or representations under 15 U.S.C. §1125(a).

49.     V&A Enterprises has suffered, and will continue to suffer, irreparable harm and damage as a result of VAD's false designation of origin, and false or misleading description and/or representation, entitling V&A to injunctive relief, to recover VAD's profits, actual damages or statutory damages, enhanced profits and treble damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CAUSE OF ACTION

### For Trademark Dilution Under the Federal Trademark Dilution Act

50.     V&A Enterprises realleges each allegation and fact set forth in paragraphs 1-49 above.

51.     For more than 16 years, V&A Enterprises has exclusively and continuously promoted and used its **V&A** brand and V&A Trademarks in the United States. The **V&A** brand and V&A Trademarks became famous and well-known symbols of V&A Enterprises and its jewelry and services among the general public in the United States *well before* VAD began advertising, promoting, distributing, selling, or offering for sale jewelry under the imitation VAD V&A Logo.

52.     VAD is making use in commerce of a confusingly similar, and nearly identical imitation, of Plaintiff's famous **V&A** brand and V&A Trademarks by eroding the public's exclusive identification of these famous trademarks with V&A Enterprises, and otherwise lessening the capacity of the famous **V&A** brand and V&A Trademarks to identify and distinguish V&A Enterprises' goods and services.

53.     VAD's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the **V&A** brand and V&A's Trademarks or to cause dilution of the marks to the great and irreparable injury of V&A Enterprises.

54.     VAD has caused and, unless enjoined by this court, will continue to cause irreparable injury to V&A Enterprises' goodwill and business reputation, and dilution of the distinctiveness and value of Plaintiff's famous **V&A** brand and V&A Trademarks in violation of 15 U.S.C. § 1125(c). V&A Enterprises is therefore entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## THIRD CAUSE OF ACTION

### (Violation of Texas Anti-Dilution Statute)

55.     V&A Enterprises realleges each allegation and fact set forth in paragraphs 1-54 above.

56.     By reason of the foregoing, V&A Enterprises hereby asserts a claim against VAD for injunctive relief pursuant to § 16.103 of the Texas Business and Commerce Code, with respect to the dilution by blurring in commerce by VAD's use of the **V&A** brand  and  V&A Trademarks.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

57.     V&A Enterprises realleges each allegation and fact set forth in paragraphs 1-56 above.

58.     By reason of the foregoing, V&A Enterprises hereby asserts a claim against VAD for injunctive and monetary relief pursuant to the common law, with respect to VAD's infringement of the **V&A** brand  and V&A Trademarks.

## FIFTH CAUSE OF ACTION

### (Common Law Unfair Competition)

59.     V&A Enterprises realleges each allegation and fact set forth in paragraphs 1-58 above.

60.     By reason of the foregoing, V&A Enterprises hereby asserts a claim against VAD for injunctive and monetary relief pursuant to the common law, with respect to the false

designation of origin and false descriptions and representations in commerce by VAD's use of the **V&A** brand and V&A Trademarks.

## JURY DEMAND

61.     V&A Enterprises requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, V&A Enterprises prays for judgment against Defendant VAD LLC as follows:

A.     That VAD and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from VAD, or in concert or participation with VAD, be enjoined and restrained during the pendency of this action and perpetually from:

(i)     Using the **V&A** brand and V&A Trademarks or any other copy, counterfeit copy, reproduction, colorable imitation, or simulation of Plaintiff's **V&A** brand and V&A Trademarks on or in connection with jewelry and the retail sale and advertisement thereof; and

(ii)    Passing off, palming off, or assisting in the passing off or palming off VAD's jewelry and services as that of V&A Enterprises, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

(iii)   Advertising, promoting, offering for sale, or selling jewelry or other goods bearing exact and/or confusingly similar imitations of Plaintiff's **V&A** brand and V&A Trademarks.

B.      That VAD be adjudged to have infringed Plaintiff's registered **V&A** brand and V&A Trademarks and be required to pay V&A Enterprises such damages as V&A has sustained or will sustain or ordered by the Court by statute as a result of VAD's unlawful acts, and to account for all gains, profits and advantages derived by VAD attributable to such acts.

C.      VAD be ordered to cease offering for sale, marketing, promoting, and selling and to recall all jewelry sold under or bearing any copy, counterfeit copy, reproduction or other confusingly similar imitation of Plaintiff's V&A Trademarks that are in VAD's possession, custody, or control, or have been shipped by VAD under its authority to any customer, including any wholesaler, distributor, retailer, consignor, or marketer, and to deliver to each such customer a copy of this Court's Order as it relates to injunctive relief against VAD.

D.      VAD be ordered to deliver up for impoundment and for destruction all jewelry, signs, advertising, sample books, promotional materials, or other materials in the possession, custody, or control of VAD that are found to adopt, infringe, or dilute Plaintiff's **V&A** brand and V&A Trademarks or that otherwise unfairly compete with V&A and its products.

E.      The Court dismiss with prejudice Cancellation No. 92085450 with the Trademark Trial and Appeal Board.

F.      That the award of damages, gains and/or profits be increased, as provided by 15 U.S.C. § 1117, or as otherwise provided by law.

G.      That VAD be ordered to pay over to V&A Enterprises the costs of this action, including reasonable attorneys' fees, costs, and interest, as provided by 15 U.S.C. § 1117, or as otherwise provided by law.

H.      Based on VAD's knowing and intentional use of confusingly similar and/or exact imitations and counterfeit copies of Plaintiff's registered **V&A** brand and V&A Trademarks, the damages awarded be trebled and the award of VAD's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and state law.

I.       Based on VAD's willful and deliberate infringement and/or dilution of Plaintiff's registered **V&A** brand and V&A Trademarks, and to deter such conduct in the future, V&A Enterprises be awarded punitive damages.

J.       That V&A Enterprises be awarded such further relief as the Court may deem just and proper.

Dated: October 30, 2024                         Respectfully submitted,

                                                  _/s/  John C. Sokatch_____
                                                  John C. Sokatch
                                                  STATE BAR NO. 24083889
                                                  **DYKEMA GOSSETT PLLC**
                                                  1717 Main Street, Suite #4200
                                                  Dallas, Texas 75201
                                                  (214) 462-6494
                                                  Email: jsokatch@dykema.com

                                                  **Attorney for Plaintiff, V&A Enterprises Limited**